UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CAUDILL SEED & WAREHOUSE CO., INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | |
| v. | ) | 4:09-cv-101-WGH-RLY |
| | ) | |
| ROSE SEEDING & SODDING, INC., and | ) | |
| MARK ROSE, Individually and as President | ) | |
| of Rose Seeding & Sodding, Inc., | ) | |
| | ) | |
| Defendants and | ) | |
| Counter Claimants. | ) | |

## ORDER ON CAUDILL SEED'S
## MOTION FOR ATTORNEY FEES

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Caudill Seed's Motion for Attorney Fees filed October 15, 2010. (Docket Nos. 145-46). The Defendants filed their Response in Opposition on November 24, 2010. (Docket No. 150). No reply brief has been filed.

The Magistrate Judge, being duly advised, now concludes as follows:

The Plaintiff's entitlement to attorneys' fees in this case is based upon language contained in the "Credit Application" signed by the Defendant which provides, in pertinent part, as follows: "IN THE EVENT THE ACCOUNT IS PLACED IN THE HANDS OF AN ATTORNEY FOR COLLECTION, AFTER DEFAULT, BUYER AGREES TO PAY THE COST OF COLLECTION, INCLUDING ATTORNEY FEES OF NOT LESS THAN 20%." (Plaintiff's Verified Complaint, Exhibit 1).

The Plaintiff filed this action to collect on the account, and was met by a Counterclaim alleging: (1) breach of the same contract; and (2) fraud. These counterclaims were brought pursuant to Indiana law. The contract under which the parties litigated did not otherwise address the payment of attorneys' fees in the event of litigation over the terms and conditions of the contract. Therefore, under Indiana law, each party to a contractual dispute must bear his/her own attorneys' fees where they have not provided by contract otherwise. *Olympus Properties, LLC v. Plotzker,* 888 N.E.2d 334, 337 (Ind. Ct. App. 2008). It appears, therefore, that the Plaintiff's attorneys are entitled to reasonable fees in pursuing the account, but they are not entitled to attorneys' fees for the actions or time spent in defending the Counterclaim.

The Magistrate Judge has reviewed the documents provided in support of the attorneys' fees request and concludes that it is very difficult to draw any definitive lines about what time was spent pursuing the collection of the account and what time was spent defending the Counterclaim. The Magistrate Judge concludes that, in keeping with the specific language of the Credit Application, a contingent fee in the amount of 20% of the amount recovered is a reasonable amount of attorneys' fees for actions in collecting the account. The judgment in this case is in the amount of $112,677.27. Therefore, reasonable attorneys' fees in the amount of 20% would amount to $22,535.45.

The Plaintiff also submitted a Bill of Costs on October 15, 2010. (Docket No. 143). On November 5, 2010, the Clerk of Court taxed costs in this case in the

amount of $1,559. 55. (*See* Docket No. 149). In its Response in Opposition (Docket No. 150), the Defendants have also challenged certain aspects of the assessment of costs in this case, and the Magistrate Judge will address that challenge in this Order.

The Defendants object only to the amount of $362.45, which is sought for "[f]ees and disbursements for printing/copies necessarily obtained for use in the case." The Magistrate Judge agrees with the Defendants that the burden of showing that materials are "necessarily obtained" for use in the case falls upon the party requesting those costs. *Rice v. Sunrise Express, Inc.,* 237 F.Supp.2d 962 (N.D. Ind. 2002), *citing Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633 (7th Cir. 1991). There has been no identification as to what these copying costs were for and why they were "necessarily obtained" by the Plaintiff in this case. Therefore, the Magistrate Judge approves the Bill of Costs in the total amount of $1,197.10.

## Conclusion

Caudill Seed's Motion for Attorney Fees is **GRANTED, in part,** and attorneys' fees are awarded in the sum of $22,535.45. Also, the Court's prior order taxing costs in the amount of $1,559.55 is hereby **AMENDED** to show that the proper amount of costs taxed is $1,197.10.

**SO ORDERED.**

**Dated:** December 20, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

John T. Byrd
BYRD LAW FIRM
jbyrd@byrdlegal.com

Scott C. Byrd
BYRD LAW FIRM
sbyrd@byrdlegal.com

J. Clayton Culotta
CULOTTA & CULOTTA LLP
clay@culottalaw.com

Stephen T. Naville
LORCH & NAVILLE, LLC
snaville@lorchnaville.com

John R. Vissing
JOHN R. VISSING, LLC
jack_vissing@vissinglaw.com